Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| ÁNGEL A. ROSARIO MAISONET<br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE EDUCACIÓN<br>Recurrido | TA2026RA00112 | *Revisión Judicial* procedente de la Oficina de Apelaciones del Sistema de Educación<br><br>Caso Núm. OASE-2025-00028<br><br>Sobre:<br>Acción Disciplinaria |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 27 de abril de 2026.

Comparece el señor Ángel A. Rosario Maisonet (señor Rosario Maisonet o recurrente), mediante recurso de *revisión judicial*, solicitando que revoquemos una *Resolución y Orden* emitida por la Oficina de Apelaciones del Sistema de Educación (OASE). En el contexto de un proceso disciplinario seguido por el Departamento de Educación (DE) en contra del señor Rosario Maisonet, quien es maestro, este presentó un *recurso de apelación* ante la OASE, foro que lo desestimó sin perjuicio, por falta de jurisdicción. Al así decidir, OASE explicó que solo ostenta jurisdicción para atender casos en los que intervengan empleados no unionados, por lo que, al ser el señor Rosario Maisonet un empleado unionado, carecía de facultad legal para adjudicar su reclamo.

Entre los argumentos que esgrime ante nosotros el recurrente a través del recurso presentado, está el de haber sido erróneamente notificado por el DE del foro administrativo al cual acudir en caso de interesar revisar la medida disciplinaria impuesta. En específico, señaló que en la notificación

aludida fue el propio DE el que le indicó que podría recurrir ante la OASE[1] como foro revisor, a pesar de ser un empleado unionado.

Por otra parte, en su oportuna comparecencia ante nosotros, el DE, representado por la Oficina del Procurador General (el Procurador), admite el error en la notificación señalado por el recurrente, por lo que nos solicita como remedio que desestimemos el recurso presentado por falta de jurisdicción y así permitir que el DE notifique nuevamente, pero de manera correcta.

Examinados los asuntos planteados por las partes, tienen razón al plantear error en la notificación sobre el foro administrativo al cual recurrir, por lo que desestimamos el recurso presentado para permitir su corrección por el DE.

## I. Resumen del tracto procesal pertinente

Por motivo de una querella presentada por la directora escolar de la Escuela Violeta Reyes Pérez, localizada en el municipio de Cidra, escuela donde laboraba el recurrente como maestro, al recurrente se le informó el 21 de enero de 2025 que fue iniciada una investigación en su contra. Como resultado de la investigación, el 15 de julio de 2025, el DE notificó al señor Rosario Maisonet que sería suspendido de sus labores de manera sumaria, aunque sin privación de sueldo.

En desacuerdo, el señor Rosario Maisonet solicitó la celebración de una vista informal ante el propio DE. En efecto, tal vista fue pautada y luego celebrada el 9 de septiembre de 2025. A raíz de esta, el 7 de noviembre de 2025, fue emitida una *Determinación Final*, destituyendo al señor Rosario Maisonet de su puesto como maestro. En la sección del referido dictamen administrativo reservada para las advertencias sobre los remedios apelativos disponibles a la parte afectada, se le notificó al señor Rosario Maisonet su derecho de presentar un *recurso de apelación* **ante la OASE** (la *Notificación*).[1]

---

[1] Apéndice 3 del *Recurso de Revisión Judicial*, págs. 23-24.

A tenor con la información contenida en la *Notificación*, el 8 de diciembre de 2025, el señor Rosario Maisonet presentó un recurso de apelación **ante la OASE**, impugnando su destitución.

Ante lo cual, el 15 de diciembre de 2025, la OASE emitió una *Orden para Mostrar Causa*, concediéndole un término de veinte (20) días al señor Rosario Maisonet para mostrar causa por la cual no debía desestimar la apelación por falta de jurisdicción. Como motivo para tal advertencia, la OASE le señaló al señor Rosario Maisonet haber incumplido con varias disposiciones reglamentarias.[2]

En cumplimiento, el 9 de enero de 2026, el señor Rosario Maisonet presentó una *Moción* afirmando haber cumplido con los señalamientos reglamentarios señalados e informando que *pertenecía a la Junta Local de Cidra y que la unidad apropiada es la Escuela Elsa D. Martínez Torres*. Añadió que había acudido a la OASE, por cuanto esa había sido la instrucción que surgía de la *Notificación* del DE sobre el foro al cual acudir. Sobre este mismo tema, arguyó que, en el caso de que la OASE no fuera el foro correspondiente, "la determinación final resultaría inoficiosa y se debe devolver para que notifique cuál es el foro adecuado para la revisión"; "[s]i dicha notificación no advierte adecuadamente el foro al que se debe acudir en revisión, no se puede perjudicar a la parte por haber acudido al foro erróneo, ya que esto sería permitir que la agencia se beneficie de actuaciones administrativas que inducen a error a la parte notificada".[3] *Comisión Ciudadanos v. GP Real Property*, 173 DPR 998, 1015 (2008), citando a *Carabarín et al. v. ARPE*, 132 DPR 938, 958-959 (1993). Finalmente, afirmó que, a causa de la notificación defectuosa, se debía entender que el término para solicitar remedio por su destitución no había comenzado a transcurrir.

Examinada dicha moción, el 22 de enero de 2026, la OASE emitió una *Resolución y Orden*, en la cual desestimó la apelación *sin perjuicio* por falta

---

[2] La OASE le imputó al peticionario no haber presentado el recurso de apelación dentro del término reglamentario correspondiente ni cumplido con la oportuna notificación al DE. Elegimos no detenernos en los asuntos concernientes a tales controversias, por cuanto, como explicaremos más adelante, otros asuntos jurisdiccionales priman.

[3] Apéndice 3 del *Recurso de Revisión Judicial*, pág. 47.

de jurisdicción y decretó el cierre y archivo del caso. En lo pertinente, la OASE determinó que estaba impedida de atender la apelación instada por el señor Rosario Maisonet ser un empleado sindicado, limitándose su jurisdicción a empleados no sindicados. Añadió que, "un error administrativo de la agencia en cuanto al foro al cual recurrir no puede crear jurisdicción donde no existe"[4], e hizo constar que su determinación no menoscaba los derechos que pudiesen cobijar al señor Rosario Maisonet para presentar su reclamación ante otro foro.

Insatisfecho, el 11 de febrero de 2026, el señor Rosario Maisonet presentó una *Solicitud de Reconsideración*, la cual la OASE declaró *No Ha Lugar*. En lo pertinente a la presunta notificación errónea de la cual se recurría, dicho foro administrativo plasmó lo siguiente:

> También concurrimos en que la Agencia viene obligada a advertir al Apelante sobre el Foro al que debe acudir en revisión. Si la notificación no advierte adecuadamente el Foro al que se debe acudir, no debe ser en detrimento del Apelante. Tomamos en consideración el error involuntario en la notificación. Fue precisamente por esto que desestimamos el recurso por falta de jurisdicción ante OASE, pero sin perjuicio, para darle la oportunidad al Apelante de radicarlo nuevamente ante el Foro correspondiente.[5]

Es así como el recurrente acudió ante nosotros, mediante recurso de *revisión judicial*, señalando la comisión del siguiente error:

> Erró la OASE al desestimar la apelación por falta de jurisdicción, ya que el recurrente presentó la apelación dentro del término dispuesto para ello y dicho foro fue el que la determinación final del de advertía que debía presentarse la apelación.

Como adelantamos en la introducción, el DE también compareció ante nosotros, representado por el Procurador, mediante *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*. En lo esencial, reconoció defecto en la *Notificación* al identificar la OASE como el foro ante el cual el recurrente podría instar recurso de apelación. Abundó sobre este mismo asunto, afirmando que el foro administrativo correcto al cual el señor Rosario Maisonet puede recurrir es la Comisión Apelativa del Servicio Público (CASP)

---

[4] Apéndice 2 del *Recurso de Revisión Judicial*, pág. 6.
[5] *Resolución – Solicitud de Reconsideración*, Entrada Núm. 1 de SUMAC (TA), Apéndice 4, pág. 114.

en lugar de la OASE. Por último, afirmó que el DE se propone a notificar nuevamente la resolución final al recurrente, pero de manera correcta, por lo que nos solicitó la desestimación del recurso con tal propósito.

## II. Exposición de Derecho

a.

El término jurisdicción se ha definido como "el poder o la autoridad de un tribunal para considerar y decidir casos y controversias". *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015). Tanto los foros de instancia como los foros apelativos tienen el deber de analizar de forma prioritaria si poseen jurisdicción para atender las controversias presentadas ante su consideración. Esto puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 268; *Shell v. Srio. Hacienda*, 187 DPR 109, 122-123 (2012).

Lo anterior responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. Incluso, nuestro Tribunal Supremo ha añadido que evaluar los aspectos jurisdiccionales son parte de nuestro deber ministerial y debe hacerse antes de que el tribunal pueda conocer del pleito. *Ruiz Camilo v. Trafon Group, Inc.*, supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). De manera que, **si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y proceder a desestimarlo, pues no tenemos discreción para asumir jurisdicción donde no la tenemos**. *Mun. de San Sebastián v. QMC Telecom*, supra, pág. 660; *Yumac Home v. Empresas Massó*, supra, pág. 103. (Énfasis suplido).

b.

Los recursos de apelación presentados ante la OASE están regulados por el Reglamento Núm. 9412 del 25 de octubre de 2022. En lo concerniente

al asunto ante nuestra consideración, el Artículo 4 de dicho Reglamento limita la jurisdicción de la OASE a ciertas circunstancias:

> Este Reglamento aplicará a todas las apelaciones presentadas por aquellos **empleados no sindicados del Departamento de Educación** inconformes con una resolución, orden o determinación final sobre asuntos de personal a quienes les aplique la Ley Número 8 del 4 de febrero de 2017, conocida como la "Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico" y el Reglamento. (Énfasis suplido).

c.

El Artículo XVI, Sección 16.02, inciso 5 del Convenio Colectivo entre la Asociación de Maestros y el DE establece los trámites a seguir en procedimientos disciplinarios contra maestros que son miembros de la Unidad Apropiada. En particular, el antedicho artículo dispone que "[d]e la Unión no estar de acuerdo con [la] determinación [del Secretario del DE], podrá radicar una Solicitud de Arbitraje de Quejas y Agravios **ante la CASP**, dentro del periodo de treinta (30) días calendario luego de haber recibido la determinación¨. (Énfasis suplido).

d.

La Sección 3.14 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38 de 30 de junio de 2017, según enmendada, regula el derecho de las partes a una notificación adecuada en los procesos administrativos adjudicativos. A esos fines, la referida sección establece, en lo pertinente, lo siguiente:

> [...]
>
> La orden o resolución deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.
>
> La orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos.
>
> .     .     .     .     .     .     .     .
>
> 3 LPRA sec. 9654.

Con relación a la debida notificación de las órdenes o resoluciones finales de las agencias administrativas, nuestro Tribunal Supremo ha zanjado que se incumple con el debido proceso de ley cuando no se notifica adecuadamente a una parte afectada por ella. *Molini Gronau v. Corp. PR Dif. Púb.*, 179 DPR 674, 686 (2010). Por tanto, "una notificación que no incluya las advertencias pertinentes impide que comience a transcurrir el término para recurrir de cualquier determinación administrativa". *Redmane Technology, LLC v. Departamento de Salud*; 2026 TSPR 37; *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228 (2014); *Molini Gronau v. Corp. PR Dif. Púb.*, supra; *Comisión Ciudadanos v. GP Real Property*, 173 DPR 998 (2008). Cuando un organismo administrativo no advierte adecuadamente conforme lo dispone la LPAU, ello no puede perjudicarle a la parte, por tanto, no se le pueden oponer los términos para recurrir. Es decir, **aunque la agencia notifique a una parte su determinación, si dicha notificación no advierte adecuadamente el foro al que se debe acudir en revisión, no se puede perjudicar a la parte por haber acudido al foro erróneo**. (Énfasis suplido). Resolver lo contrario tendría el peligroso efecto de permitir que la agencia se beneficie de actuaciones administrativas que inducen a error a la parte notificada. *Horizon v. Jta. Revisora, RA Holdings*, supra; *Comisión Ciudadanos v. GP Real Property*, supra.

**III. Aplicación del Derecho a los hechos**

Según hemos resaltado en las secciones que preceden, las partes están contestes, y de igual forma lo está este foro intermedio, en que la *Notificación* de la orden o resolución final administrativa en este caso fue defectuosa, en tanto instruyó erróneamente a un empleado unionado, el recurrente[6], a presentar el recurso de apelación ante la OASE, foro que no dirime controversias de empleados unionados, en lugar de la CASP, que es el foro competente. En efecto, tal fallo en la *Notificación* tuvo el efecto directo de que el recurrente acudiera ante el foro erróneo al que fue instruido para solicitar

---

[6] Valga resaltar que fue el propio recurrente en sus comparecencias ante la OASE quien informó formar parte de una unidad apropiada, es decir, ser empleado unionado, lo que lo excluye de la jurisdicción de la OASE como foro al cual recurrir para dirimir su impugnación de la decisión del DE que le resultó adversa.

la revisión de su destitución por el DE, de lo que siguió la desestimación del recurso por la OASE.

La jurisprudencia relevante sobre las consecuencias de una notificación defectuosa en este contexto es amplia y repetitiva, de la cual citamos tan solo algunos ejemplos en la exposición de derecho. De esta valga aquí solo reiterar que, aunque la agencia notifique a una parte su determinación, **si dicha notificación no advierte adecuadamente el foro al que se debe acudir en revisión, no se puede perjudicar a la parte por haber acudido al foro erróneo**; y una notificación que no incluya las advertencias pertinentes **impide que comience a transcurrir el término para recurrir de cualquier determinación administrativa**. *Redmane Technology, LLC v. Departamento de Salud*, supra; *Horizon v. Jta. Revisora, RA Holdings,* supra; *Molini Gronau v. Corp. PR Dif. Púb.*, supra; *Comisión Ciudadanos v. GP Real Property*, supra. (Énfasis suplido).

Finalmente, en su comparecencia, el Procurador solicitó la desestimación del recurso presentado por causa del defecto en la *Notificación* con el propósito de que el DE proceda a notificar nuevamente la resolución final al recurrente, pero de manera correcta. El propio señor Rosario Maisonet también propone tal curso de acción como uno de los posibles remedios a ser concedidos por este Tribunal. Por cuanto se trata de una interpretación de derecho correcta, según ya explicada, accedemos.

**IV. Parte dispositiva**

Por los fundamentos expuestos, desestimamos el recurso de revisión judicial presentado por el señor Rosario Maisonet por falta de jurisdicción, al intervenir una notificación defectuosa de la resolución final recurrida. Claro está, esto posibilitará la corrección por el DE de la notificación del dictamen adverso al recurrente, a lo que dicha agencia se dispone, según así lo afirmó su representante legal, el Procurador General.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones